IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.                                                   **CAUSE NO. 1:12CR53-LG-RHW-1**

**RODERICK MAURICE ARMSTRONG**

### ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

**BEFORE THE COURT** is the *pro se* [34] Motion for Early Termination of Supervised Release filed by the defendant, Roderick Maurice Armstrong. Roderick was convicted of conspiracy to possess with intent to distribute five kilograms or more of cocaine hydrochloride and 280 grams or more of cocaine base, in violation of 21 U.S.C. § 846. The Court sentenced Roderick to 10 years' imprisonment, a $1,500 fine, and a $100 special assessment. His term of supervised release began on February 6, 2020, and is scheduled to be completed on February 5, 2025.

On February 9, 2022, Armstrong filed a [621] Motion for Early Termination of Supervised Release, claiming that he has fully complied with all areas of his supervision, his restitution is paid in full, he has maintained steady employment, and has taken courses at Mississippi Gulf Coast Community College to obtain a commercial driver's license. He notes that early termination would permit him to travel more to help his family financially. The United States Probation Office objects to early termination of supervised release.

The Court has the authority to terminate a term of supervised release "after considering the factors set forth in 3553(a) . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e), (e)(1). The Court has broad discretion to determine whether early termination is warranted. *United States v. Jeanes*, 150 F.3d 483, 484 (5th Cir. 1998). Typically, to qualify for early termination, a defendant must show that there has been the expiration of one year of supervised release, *see* 18 U.S.C. § 3583(e)(1), and changed circumstances such as exceptionally good behavior. *See, e.g.*, *United States v. Williams*, 5:15-cr-5, 2020 WL 5995692, at *2 (S.D. Miss. Oct. 9, 2020) (citation omitted); *United States v. Akin*, 38 F. App'x 196, 198 (6th Cir. 2002) (citing *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)).

Here, although Armstrong has served one year of supervised release, he has not presented any exception or changed circumstances that would justify early termination of his supervised release. The United States Probation Office attests to Armstrong's compliance with the terms of his supervised release, but this fact alone does not warrant early termination. His conduct simply constituted compliance with the "Standard Conditions of Supervision" imposed by the court's judgment. *See United v. Jones*, No. V-11-21, 2013 WL 2417927, at *1 (S.D. Tex. June 4, 2013); *see also United States v. Hartman*, 3:00-cr-228, 2013 WL 524257, at *4 (N.D. Tex. Jan. 18, 2013) (finding that complying with the "Standard Conditions of Supervision" does not warrant early termination).

The § 3553(a) factors also disfavor termination.  *See* 18 U.S.C. § 3553(a); *see also* 18 U.S.C. § 3583(e).  Armstrong was convicted of one of the six charges against him listed in the indictment.  He had a total offense level of 33 and a criminal history category of II.  (Present. Invest. Rep., ¶¶ 83, 99, at 18, 21, ECF No. 511).  Although the applicable guideline imprisonment range was 151 to 188 months, he benefited from a sentence well below the guideline range.  (*See* Judgement, ECF No. 514; *see also* Order Reducing Sent., ECF No. 577).  The PSR also reflects that he has multiple prior offenses, including some drug crimes.  (*See* PSR, ¶¶ 85-105, at 18-23, ECF No. 511).  Requiring Armstrong "to serve the remainder of his sentence would 'provide just punishment for the offense' and 'afford adequate deterrence to criminal conduct.'" *United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020); *see also* 18 U.S.C. § 3553(a)(2)(A), (B).  For all these reasons, the Court finds that a reduction in Armstrong's sentence would not reflect the gravity of his offense, nor provide adequate deterrence thereto.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the *pro se* [34] Motion for Early Termination of Supervised Release filed by the defendant, Roderick Maurice Armstrong, is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 18th day of February, 2022.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE